# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHARLENE FLESHMAN,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-229**   (Fam. Ct. Greenbrier Cnty. Case No. FC-13-2015-D-333)

**JAMES FLESHMAN,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charlene Fleshman ("Wife") appeals the Family Court of Greenbrier County's May 15, 2025, order denying her motion for reconsideration regarding the division of marital bank accounts stemming from the parties' 2018 divorce. Respondent James Fleshman ("Husband") responded in support of the family court's decision.[1] Wife did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on June 10, 1989, and divorced by order entered on September 9, 2017. Both parties appealed the divorce order to circuit court and it was remanded to the family court by order entered on December 29, 2017. On remand, the family court issued a corrected divorce order on May 7, 2018, which stated that "any money remaining [in] the marital checking account and savings accounts at the time of separation will be divided equally between the parties." The corrected divorce order also awarded Wife $2,700.00 in monthly spousal support. Both parties appealed the May 7, 2018, order to circuit court.

On October 10, 2018, the circuit court again remanded the matter to the family court, finding that the family court failed to divide the marital property equally and that it made no findings that would support unequal division of marital property. The circuit court directed the family court to divide the marital property equally or to set forth sufficient findings that warrant unequal division. The circuit court also held that the family court was

---

[1] Wife is represented by Paul S. Detch, Esq. Husband is represented by Alyson A. Dotson, Esq.

not bound by the division of assets set forth in the May 7, 2018, corrected divorce order. Additionally, the circuit court's order concluded by stating, "the provisions of the [c]orrected [d]ivorce [o]rder concerning equitable distribution and spousal support are hereby REVERSED and SET ASIDE."[2]

On February 4, 2020, Wife filed a petition for contempt to enforce the spousal support award that accumulated while the second appeal to the circuit court was pending. On December 29, 2020, the family court entered its order on remand, wherein it recited the May 7, 2018, corrected divorce order, including the provision about the bank accounts being divided equally, and reduced Husband's spousal obligation from $2,700 to $1,000 per month. The family court also included in this order a list of items to be divided by the parties, but the parties' bank accounts were not included in the list. Wife appealed the December 29, 2020, order to the circuit court, but did not appeal the issue of the parties' bank accounts. The circuit court reversed and again remanded the family court's December 29, 2020, order with directions for further proceedings regarding equitable distribution and spousal support.

On October 14, 2021, the family court entered a corrected amended order, which again recited the May 7, 2018, order and included the provision about bank accounts being divided equally. The court added "bank shares" to the list of items to be divided, but still did not include bank accounts in the list. Wife appealed the family court's October 14, 2021, order to the circuit court but did not include the issue of the parties' bank accounts in her appeal. The circuit court reversed and remanded the family court's October 14, 2021, corrected amended order.

On March 23, 2022, the family court entered a second corrected amended order on remand, wherein it again included the same bank account language but did not include bank accounts in the list of items to be divided between the parties. The March 23, 2022, order also directed Husband to pay Wife $1,000 per month in permanent spousal support dating back to December 1, 2017. Wife appealed the March 23, 2022, order to the circuit court, arguing that Husband should have been ordered to pay her $2,700 per month during the pendency of the appeal rather than $1,000 per month. The circuit court refused her appeal. Wife then appealed the circuit court's order refusing her appeal to this Court. *See Fleshman v. Fleshman*, No. 22-ICA-20, 2022 WL 17168091 (W. Va. Ct. App. Nov. 15, 2022) (memorandum decision). On appeal to this Court, Wife argued that the lower courts erred by not requiring Husband to pay her $2,700 per month pursuant to the May 7, 2018, order, even though the award was later reversed. This Court affirmed the circuit court's order refusing Wife's appeal because Wife had filed her petition for contempt *after* spousal support was modified to $1,000. This Court concluded, "because [Wife's] contempt action

---

[2] Husband argues on appeal that this directive reversed the family court's entire order. Wife, in contrast, contends that the directive only reversed the issues that were appealed.

was not commenced [. . .] during the timeframe that the May 7, 2018, order was in effect, there is no avenue to enforce it."

Sometime thereafter, Husband filed a motion to enforce the sale and division of certain personal property. The family court held a hearing on Husband's motion on May 25, 2023. The parties reached an agreement as to how they would divide their personal property would be divided. On June 5, 2023, the family court entered its final order that incorporated their agreement and stated, "[a]ny order not modified by this order shall remain in effect." The order was silent about bank accounts.

In August 2024, Wife filed a petition for contempt, seeking enforcement of the May 7, 2018, order regarding division of the parties' bank accounts which were valued at approximately $27,000 at the time of separation. The family court conducted a hearing on Wife's contempt petition on February 4, 2025, wherein the court dismissed her petition. Wife then filed a motion for reconsideration, which the family court heard on May 1, 2025. At that hearing, Wife again sought enforcement of the May 7, 2018, order. Husband argued that the May 7, 2018, order had been vacated on appeal to circuit court and that he could not be held in contempt for an order that had been set aside. Wife argued that because the bank account issue was not specifically appealed to the circuit court, and because the June 5, 2023, order stated, "any order not modified by this order shall remain in effect" that she was still entitled to half of the bank account balances referenced in the May 7, 2018, order. By order entered on May 15, 2025, the family court held that the order entered on March 23, 2022, was the operative order in the case, not the May 7, 2018, order, and that the court was unable to enforce the May 7, 2018, order because the circuit court had reversed and remanded it on October 10, 2018. The court further noted that Wife did not complain about the bank accounts until August 2024, two years after the entry of the final order and six years after the parties' separation. It is from the May 15, 2025, order that Wife now appeals.

For these matters, we apply the following standard of review.

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Wife asserts that the family court erred in failing to award her one-half of the money from the parties' bank accounts referenced in the May 7, 2018, order. We disagree. The circuit court's October 10, 2018, order specifically stated that "the provisions

3

of the [c]orrected [d]ivorce [o]rder [entered on May 7, 2018] concerning equitable distribution and spousal support [was] hereby REVERSED and SET ASIDE." Further, in Wife's prior appeal to this Court we noted that the May 7, 2018, order was not enforceable because it had been set aside below. Therefore, we cannot conclude that the family court's factual findings are clearly erroneous or that its ultimate decision is an abuse of discretion.

Accordingly, we affirm the family court's May 15, 2025, order.

Affirmed.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White